**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Myron J. MAHER, Defendant and Appellant.**

**No. 12130.**

Supreme Court of South Dakota.

Argued Sept. 12, 1977.

Decided Dec. 19, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Thomas M. Maher of Maher & Lovald, Pierre, for defendant and appellant.

MORGAN, Justice (on reassignment).

The defendant, Myron J. Maher, appeals from his conviction by jury, pursuant to SDCL 32–23–1, of driving while under the influence of an alcoholic beverage. We affirm.

On January 14, 1976, defendant's car stalled in a Mobridge intersection. Two police officers found the defendant attempting to start his car. Because of a strong odor of alcohol, defendant was given field sobriety tests, arrested, taken to the police station, and given the implied consent and the *Miranda* warnings.

When asked if he would take a breathalyzer test, defendant refused. Later, after having been taken to his cell, defendant decided that he would take the test. After the requisite twenty-minute wait, defendant again refused to take the test. He was placed in his cell and began to do strenuous exercises. Shortly thereafter, defendant consented to take the breathalyzer test. The test was completed; defendant's blood alcohol level was .19%.

The test result was offered and admitted at the trial. Over defendant's continuing objection, the two arresting officers were also allowed to testify about defendant's refusals to take the breathalyzer test. In addition, the state's attorney in final argument commented upon the defendant's refusals.

The primary issues on this appeal are whether the admission into evidence of testimony of the defendant's initial refusals to take the breathalyzer test constitutes re-

versible error and whether admission of said testimony violates defendant's constitutional rights against self-incrimination.

Whether evidence of and comment upon a defendant's refusal to take a breathalyzer test is admissible in a DWI prosecution where the defendant eventually consents to take the test is an issue not entirely foreign to this court.

In *State v. Oswald*, S.D., 241 N.W.2d 566 (opinion filed April 29, 1976), the defendant, after being informed of his rights under the South Dakota Implied Consent Laws, flatly refused to submit to a blood test. Over his objection, two witnesses were allowed to testify that defendant refused to take the blood test. This court determined that admission of evidence of defendant's refusal was reversible error stating:

> Certainly it is unfair to create by statute a right not to submit to a chemical test and to allow the accused to exercise that right and then in open court before a jury to permit testimony concerning that refusal which can all too easily work in the minds of the jury members to the prejudice of the defendant. 241 N.W.2d at 569

■ We cannot conceive of any logical reason why this rule should be relaxed because later the defendant changes his mind and submits to the test. Indeed, the state now has the benefits[1] that the implied consent law seeks to provide. Not satisfied with the breathalyzer test results indicating a .19% alcoholic content, the state's attorney chose to go beyond the bounds of mere prosecution and, over proper objection, put in the evidence of defendant's refusals, disregarding our *Oswald* opinion of some six months earlier. The admission of this evidence by the trial court constituted error. Had this been a close case, or even nearly so, the taxpayers of Walworth County would have had the privilege of paying for another trial. However, as we review the record, there was ample evidence that was properly admitted (officer's observations, result of field sobriety test, and breath test results) to lead us to conclude that the error was harmless, since undoubtedly the same verdict would result on retrial.[2]

We next consider whether the erroneous admission of such evidence and the prosecutorial misconduct in argument violates defendant's constitutional rights against self-incrimination found in the Fifth Amendment to the United States Constitution and section 9, Article XI, of the South Dakota Constitution.

■ In *State v. Hartman*, S.D., 256 N.W.2d 131 (1977), we discussed the relationship between the implied consent statute and the constitutional guarantees against unreasonable search and seizure found in the Fourth Amendment to the United States Constitution and section 11, Article VI, of the South Dakota Constitution. We pointed out in that case that the statute merely extended a right to vehicle operators beyond those constitutional provisions, to wit, a right of refusal to submit to testing. In exchange, the statute gave the state certain benefits.[3] We cannot, however, read the record to construe either the admission of the evidence or the argument as a Fifth Amendment violation. The comment with respect to the refusal goes only to Fourth Amendment rights. As the United States Supreme Court held in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the protection of the Fifth Amendment goes only to testimonial or communicative evidence and does not protect one from being compelled to produce nontestimonial evidence. Therefore, we hold that evidence as to refusal to produce such material and comment upon such

---

1. *State v. Hartman*, S.D., 256 N.W.2d 131, 135: "In DWI and DWI-manslaughter prosecutions, test results of samples withdrawn in compliance with the implied consent law give rise to certain presumptions of intoxication based upon the blood alcohol content."

2. This is not to intimate that the evidence of refusal and subsequent change of mind could not be admissible, e. g., if the defendant opened up the subject by attacking the test results by complaining of delay, which was not the case here.

3. See footnote # 1 above.

refusal is not protected by the Fifth Amendment.

We have considered the remaining issues raised by the appellant and find his contentions to be without merit.

We affirm the conviction of the trial court.

WOLLMAN, C. J., and DUNN, J., concur.

ZASTROW, J., dissents.

PORTER, J., deeming himself disqualified, did not participate in this opinion.

ZASTROW, Justice (dissenting).

I dissent.

The majority finds that the testimony and comments on defendant's refusal to submit to a breathalyzer is error, but because of the evidence, the error was harmless. All of the evidence, with the exception of the breathalyzer results, is not substantially different from that in *State v. Oswald*, S.D., 241 N.W.2d 566 (1976). The effect of the majority opinion is to raise a second presumption, i. e., if a defendant convicted of DWI had blood or breath test results of .19% or more, any error committed at the trial will be harmless because the same verdict would undoubtedly be reached at a new trial. I am aware of enough acquittals in DWI prosecutions where similar, or higher, test results were admitted that I cannot agree that the same verdict would result. The prosecutor here certainly found the refusal important enough to risk error in its admission and comments thereon.